IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tequan L. Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Jim May, Jeffery Long, Alan Wilson,<br>Jeffery Scott, Bryan P. Stirling, and<br>Timothy R. Rainey,<br><br>    Defendants. | C/A No. 0:18-3347-TMC-PJG<br><br>**ORDER** |

  Plaintiff Tequan L. Brown, a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. (ECF No. 9). The magistrate judge recommends that Defendants Jim May, Jeffery Long, Alan Wilson, Jeffery Scott, and Timothy R. Rainey be summarily dismissed without prejudice and without issuance and service of process. *Id.*. Plaintiff was advised of his right to file objections to the Report. (ECF No. 9 at 10). Plaintiff timely filed objections to the Report. (ECF No. 43).[1]

  The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[1]The court granted Plaintiff's motion for an extension of time within which to file objections (ECF No. 27). (ECF No. 29).

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In her Report, the magistrate judge recommends that the court summarily dismiss all Defendants and claims, except Plaintiff's failure to protect claim against defendant Stirling. (ECF No. 9).[2] Plaintiff did not file any specific objections. (ECF No. 44). Instead, he filed a general objection to the Report and referred to his filing a motion to amend his complaint. *Id.* In his objections, Plaintiff states that he "objects to the Magistrate Judge's Report and Recommendation that Defendant Jim May, Jeffery, Long, Alan Wilson, Timothy Scott, and Timothy R. Rainey should be summarily dismissed without issuance and service of process" and that he has filed a motion to amend his complaint. (ECF No. 44). Subsequently, the magistrate judge denied in part and granted in part Plaintiff's motion to amend his complaint (ECF No. 45). (ECF No. 54 at 1). She specifically denied his motion to amend the claims, which she recommend be dismissed in her Report because she found those amendments would be futile. *Id.* The magistrate judge granted Plaintiff's motion to amend his claims of failure to protect and

---

[2]Specifically, the magistrate judge recommends that the court dismiss Plaintiff's claims against Defendants May, Wilson, Scott, and Rainey for failure to state a claim. (ECF No. 9 at 6-8). She also recommends that Defendants Long and Rainey be dismissed because Plaintiff did not seek any relief in his original Complaint against these Defendants. *Id.* at 6 n.3.

conditions of confinement claims against Stirling, Scott, and Williams, and his deliberate indifference claims against May and Long. *Id.* at 1-2.

In his Amended Complaint, Plaintiff reasserts the claims he raised in his original complaint and adds a new defendant, Charles Williams. (ECF Nos. 45). Further, Plaintiff alleges a failure to protect claim against Scott, Williams, and Stirling, and he raises a new conditions of confinement claim against Scott, Williams, and Stirling. Finally, Plaintiff raises a new deliberate indifference claim against May and Long. *Id.* As noted above, the magistrate judge granted Plaintiff's motion to amend his claims of failure to protect and conditions of confinement claims against Stirling, Scott, and Williams, and his deliberate indifference claims against May and Long. *Id.* at 1-2. Thus, it now appears that the only Defendants who should be dismissed are Wilson and Rainey. The court finds that these two Defendants should be dismissed for the reasons stated in the Report. (ECF No. 9 at 6, 8).

After a thorough review of the Report and the record in this case, the court adopts in part the Magistrate Judge's Report (ECF No. 9). Accordingly, Defendants Alan Wilson and Timothy R. Rainey are **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 18, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 \ of the Federal Rules of Appellate Procedure.