IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan L. Brown (#341915),<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jim May; Jeffery Long; Alan Wilson; Jeffery Scott; Bryan P. Stirling; Timothy R. Rainey,<br><br>　　　　　Defendants. | Civil Action No.: 0:18-3347-TMC-PJG<br><br>**DEFENDANT STIRLING'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF PROTECTION** |

This matter comes before the Court based upon the Plaintiff's Motion for an Order of Protection, filed with the Court on March 25, 2019. *See,* Dkt. No. 65.

Plaintiff, *pro se,* is currently incarcerated within the South Carolina Department of Corrections ("SCDC") where he is serving a sentence on the charges of Voluntary Manslaughter, Obstructing Justice, Check Fraud, and a violation of the Firearms Provision.[1] Plaintiff is being housed in the State Wide Protective Custody ("SWPC") unit at the McCormick Correctional Institution ("MCI").

For the reasons discussed below, Defendant Stirling requests that Plaintiff's Motion for an Order of Protection be denied.

**DISCUSSION**

With the Motion presently before the Court, Plaintiff alleges that "SCDC and its agents [have] made arrangements to transfer Plaintiff 7 states away from South Carolina, solely to punish Plaintiff for filing the above captioned matter." *Id.* at pg. 1. Plaintiff seeks "an order of protection against Bryan P. Stirling, and South Carolina Department of Corrections, [p]rotecting him from

---

[1] Plaintiff's expected release date from SCDC custody is February 14, 2040.

[r]etaliation and out of state transfers."[2] *Id.*

As the Motion, itself, does not state the specific rule of law upon which it is filed, there is some speculation as to what standard applies to the same. Nonetheless, it would appear that Plaintiff has filed the Motion seeking to have the Court issue a preliminary injunction preventing his alleged transfer. Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. *See*, Fed.R.Civ.P. 65. "In reaching [the] decision [to grant an injunction], the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 416-17 (4th Cir. 1999) (internal citation omitted). Such relief, with regard to the administration of a state institution, such as a prison, should be granted only in compelling circumstances. *See, Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). The United States Supreme Court has emphasized that the "decision where to house inmates is at the core of prison administrators' expertise," *McKune v. Lile,* 536 U.S. 24, 26 (2002), and that federal courts must give great consideration to the need to maintain order, discipline, and control. *Wolfe v. McDonnell,* 418 U.S. 539, 558-62 (1974).

Initially, Defendant Stirling would respectfully contend, based upon the applicable body of law and in the absence of *compelling circumstances* put forth by Plaintiff which would warrant such relief, that the decision regarding the transfer of an inmate is a matter best left to the discretion of appropriate prison officials. Furthermore, SCDC officials have not taken retaliatory action against the Plaintiff and, upon information and belief, there are currently no plans within SCDC to transfer

---

[2]Plaintiff's Motion, further, alludes to the fact that Plaintiff's faulty knowledge regarding his alleged transfer stems solely from third-party sources. In this regard, Plaintiff claims, "[u]pon information and belief . . . while on the road the correctional officers supposedly showed [Karlton] Brockman Plaintiff's paperwork where he is to be transferred out of state. Plaintiff was made aware by other inmates and a member of the correctional staff."

Plaintiff from SWPC at MCI to any other institution within SCDC, let alone another state.[3] In fact, Plaintiff's classification status was recently reviewed and it has been recommended by SCDC classification officials that he remains in SWPC. Moreover, for the same reasons discussed in Defendant Stirling's Motion to Dismiss the Amended Complaint, Dkt. No. 62, Plaintiff has not and will be unable to satisfy the requirements for the issuance of a preliminary injunction.

Finally, Plaintiff's filing of this Motion to prevent his alleged transfer is ironic in light of the fact that Plaintiff filed the original Complaint in this action, Dkt. No. 1, alleging that Defendant Stirling failed to protect him from threats of harm advanced by inmate Timothy Rainey and other inmates also in SWPC. Moreover, the Complaint was accompanied by a Motion for Preliminary Injunction and Temporary Restraining Order, whereby Plaintiff requested that the Court direct Defendant Stirling to remove or transfer inmate Rainey from SWPC. Plaintiff, thereafter, filed the Amended Complaint, Dkt. No. 44, setting forth similar claims and a request for injunctive relief with regard to the transfer of inmate Rainey. In summary, in the instant Motion Plaintiff is requesting that this Court protect him from transfer away from the alleged conduct which is at the center of his Complaint and Motion for Preliminary Injunction.

Therefore, and in light of the above, the drastic relief sought by Plaintiff should be denied.

## **CONCLUSION**

For the reasons set forth herein, Defendant Stirling, respectfully, requests that the Court deny Plaintiff's Motion for an Order of Protection.

**[Signature Page to Follow]**

---

[3] SCDC specifically reserves the right to continually monitor and evaluate the classifications status of the Plaintiff, as well as other Inmates within its Institutions, and to make the housing assignments that are necessary to adequately protect the safety of Inmates and staff.

Respectfully submitted this the 5th day of April, 2019.

                Respectfully submitted,

                s/ *Caleb M. Riser*
                Caleb M. Riser, Fed. I.D. #10666
                Jasmine D. Wyman, Fed. I.D. #12441
                P.O. Drawer 7788
                Columbia, South Carolina 29202
                Phone: (803) 771-4400
                (803) 779-0016 (fax)
                criser@richardsonplowden.com
                jwyman@richardsonplowden.com
                ***ATTORNEYS FOR DEFENDANT BRYAN P. STIRLING***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan L. Brown (#341915),<br><br>  Plaintiff,<br><br>v.<br><br>Jim May; Jeffery Long; Alan Wilson; Jeffery Scott; Bryan P. Stirling; Timothy R. Rainey,<br><br>  Defendants. | Civil Action No.: 0:18-3347-TMC-PJG |

## CERTIFICATE OF SERVICE

I, the undersigned employee of Richardson Plowden & Robinson, P.A., attorneys for Defendant, do hereby certify that I have served **DEFENDANT STIRLING'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF PROTECTION** in the above-referenced case, by causing a copy of the same to be personally deposited in a United States Postal Service mail box, postage prepaid, with the return address clearly visible, addressed to the attorneys of records as indicated below on April 5, 2019.

Tequan L. Brown (#341915)
McCormick Correctional Institute
386 Redemption Way
McCormick, SC 29899
*Plaintiff pro se*

                                        s/ *Caleb M. Riser*
                                        Richardson Plowden & Robinson, P.A.

                                        **ATTORNEYS FOR DEFENDANT
                                        BRYAN P. STIRLING**

5