IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Tequan L. Brown, | ) | |
| | ) | C/A No. 0:18-3347-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jim May, Jeffery Long, Alan Wilson, Jeffery Scott, Bryan P. Stirling, Timothy R. Rainey, and Charles Williams, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner Tequan Brown, a state prisoner, filed this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations against Defendants Jim May, Jeffery Long, Alan Wilson, Jeffery Scott, Bryan P. Stirling, Timothy R. Rainey, and Charles Williams. (ECF No. 1).[1] Plaintiff also filed a motion for a temporary restraining order and a preliminary injunction against Defendant Stirling. (ECF No. 3). Defendant Stirling filed a response opposing the motion (ECF No. 19), and Plaintiff filed a reply (ECF No. 45). Stirling subsequently filed a motion to dismiss Plaintiff's claims against him with prejudice. (ECF No. 62). Plaintiff filed a response opposing the motion (ECF No. 72), and Stirling filed a reply (ECF No. 79). On June 27, 2019, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") recommending that Stirling's motion to dismiss (ECF No. 62) be granted based on Plaintiff's failure to exhaust his

---

[1] Plaintiff filed an Amended Complaint on March 8, 2018, and added Williams as a defendant. (ECF No. 55). Defendants Wilson and Rainey were subsequently dismissed without prejudice on March 18, 2019. (ECF No. 59).

administrative remedies and, in light of that recommendation, that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 3) be terminated. (ECF No. 100).[2] Plaintiff was advised of his right to file objections to the Report (ECF No. 100 at 9). However, Plaintiff has not filed any objections to the Report, and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 100) as modified.[3] Defendant

---

[2]In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

[3]Although Stirling moved for a dismissal with prejudice (ECF No. 62 at 18), and the magistrate judge recommended that the court grant the motion, the magistrate judge did not specifically designate whether the dismissal was to be with or without prejudice. Because the dismissal is

Stirling's Motion to Dismiss (ECF No. 62) is **GRANTED in part**. Accordingly, Defendant Stirling is **dismissed without prejudice** and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **terminated** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 17, 2019

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

based on a failure to exhaust, the court grants the motion in part and dismisses Stirling without prejudice. *See, e.g., Duckett v. Fuller*, No. 6:13-cv-01079-JMC, 2013 WL 6181417, *3 (D.S.C. Nov. 22, 2013) (finding that a dismissal for failure to exhaust administrative remedies is generally without prejudice).